## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SIMON CHIKHLADZE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GOVERNMENT OF THE KINGDOM OF ) <br> DENMARK, *et al.*, ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> ) | Case No. 2:25-cv-02185-HLT-TJJ |

## ORDER AND REPORT AND RECOMMENDATION

Simon Chikhladze, proceeding *pro se*, filed this action against the Government of the Kingdom of Denmark, Georgian Authorities, Tea Tsulukiani, and individuals engaged in human rights violations. Plaintiff alleges Defendants engaged in obstruction of justice in violation of 18 U.S.C. § 1503; conspiracy against rights in violation of 18 U.S.C. § 241; violation of immigration laws in violation of 8 U.S.C. § 1231 and 49 U.S.C. § 40103; and torture and human rights violation of 28 U.S.C. § 1350.[1] This matter comes before the Court on Plaintiff's Motion to Proceed Without Prepayment of Fees (*in forma pauperis*) (ECF No. 4).

### I. Plaintiff's Motion to Proceed Without Prepayment of Fees

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees of security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor."[2] To

---

[1] Amended Complaint, ECF No. 6, p. 4.
[2] 28 U.S.C. § 1915(a)(1).

succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under § 1915 lies within the "wide discretion" of the trial court.[3]

Based on the information contained in his application, Plaintiff has shown the inability to pay the required filing fee.[4] Plaintiff is currently not employed and reports no income or money in his savings or checking account. Plaintiff claims he has received $840.00 in welfare payments and $1560.00 payments from a pension, trust find, annuity, or life insurance payment over the last twelve months, averaging $200.00 per month. Plaintiff states his expenses total $200.00 per month. Because Plaintiff claims he receives no income, and the payments he does receive per month are equal to his monthly expenses, the Court finds Plaintiff has insufficient financial resources to pay the filing fee. Accordingly, the Court grants Plaintiff's request to proceed *in forma pauperis*.

## II.     Screening of Plaintiff's Amended Complaint Pursuant to 28 U.S.C. § 1915

When a party seeks to proceed without the prepayment of fees, § 1915 requires the court to screen the party's complaint. The court must dismiss the complaint if it determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[5]

---

[3] *Lister v. Dept. of Treas.*, 408 F.3d 1309, 1313 (10th Cir. 2005) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004)).
[4] *See* Financial Aff. re Mot. to Proceed in Forma Pauperis, ECF No. 7.
[5] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In reviewing the complaint pursuant to § 1915(e)(2), the Court may consider *sua sponte* whether the court lacks personal jurisdiction or venue is improper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed. And the district court may dismiss under § 1915 only if it is clear that the plaintiff can allege no set of facts to support personal jurisdiction or venue."[6]

Liberally construed, Plaintiff's Amended Complaint alleges a federal civil rights claims for obstruction of justice (18 U.S.C. § 1503), conspiracy against rights (18 U.S.C. § 241), violation of immigration law (8 U.S.C. § 1231 and 49 U.S.C. 40103), and violation of the Alien Tort Statute (28 U.S.C. § 1350). Plaintiff brings this suit against the Government of the Kingdom of Denmark, Georgian authorities, Tea Tsulukiani, and individuals engaged in human rights violations. Plaintiff's claims allegedly arise from the denial of his asylum application by the country of Denmark, his extradition from Germany back to Denmark, and his deportation from Denmark to the country of Georgia. Plaintiff claims Denmark violated its obligations under international refugee law and the principle of non-refoulment. Plaintiff states he was forced to return to Georgia, a country where he faced ongoing persecution, homelessness, and inhumane treatment. Plaintiff claims the denial of his asylum request was coordinated by Tea Tsulukiani, a Minister of Justice of Georgia, to ensure Plaintiff's removal and suppress evidence of wrongdoing. Plaintiff seeks injunctive relief as well as compensatory and punitive damages.[7]

---

[6] *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotations and citations omitted); *Greene v. Gray*, No. 18-1027-EFM-GEB, 2018 WL 10456453 (D. Kan. Feb. 22, 2018), *report and recommendation adopted*, No. 18-1027-EFM, 2018 WL 10456449 (D. Kan. Mar. 9, 2018), *aff'd sub nom*, 750 F. App'x 661 (10th Cir. 2018) ("The Court may also dismiss an *in forma pauperis* plaintiff's complaint for lack of personal jurisdiction and improper venue, despite the fact that these deficiencies can be waived under Fed. R. Civ. P. 12(h)(1) if not properly raised.").

[7] *See* Am. Compl., ECF Doc. 6, at p. 5.

Venue in federal question cases is governed by 28 U.S.C. § 1391(b), which provides a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district in which the person is domiciled, and an "entity with the capacity to be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[8]

Plaintiff states "[v]enue is proper in the District of Kansas . . . because a substantial part of the harm caused by Defendants' actions relate to violations of U.S. federal immigration law, over which this court has jurisdiction."[9]  Based on a review of the complaint, however, the District of Kansas is not the proper venue for this action.[10]  Plaintiff does not allege any facts showing that any Defendant, or any of the events, persons or entities involved, has any connection to Kansas whatsoever.  Even construing the Amended Complaint liberally, the Court cannot identify any viable basis for venue in this District.  The Court further notes that Plaintiff has filed several similar lawsuits in this and other jurisdictions which have been dismissed on the basis of improper venue.[11]  Plaintiff is seemingly forum shopping for the proper and most favorable venue.

---

[8] *See* 28 U.S.C. § 1391(c)(1), (2).
[9] Am. Compl., ECF Doc. 6, at p. 2.
[10] *See Dorch v. Margna Automotive Sys.*, No. 19-2458-CM, 2019 WL 5071489 (D. Kan. Sept. 4, 2019), *report and recommendation adopted*, No. 19-2458-CM-JPO, 2019 WL 5067205 (D. Kan. Oct. 9, 2019) (recommending dismissal when no defendants reside in the State of Kansas and there is no factual connection to the State of Kansas).
[11] *See Chikhladze v. Federal Bureau of Investigation, et al.*, 25-cv-01038-HLT-TJJ (D. Kan.) (voluntarily dismissed by Plaintiff); *Chikhladze v. Gov't of the Kingdom of Denmark, et al.*, 25-

Because is it clear that Plaintiff can allege no set of facts to support venue in the District of Kansas, the undersigned U.S. Magistrate Judge recommends this matter be **DISMISSED**.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the recommended disposition.  If Plaintiff does not timely file his objections, no court will allow appellate review.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 4) is granted, but the Court withholds service of process pending District Judge Teeter's § 1915 review of Plaintiff's Complaint.

A copy of this report and recommendation shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated April 22, 2025, at Kansas City, Kansas.

 _Teresa J. James_
 Teresa J. James
 U. S. Magistrate Judge

---

cv-01094-MWF (C.D. Cal.) (dismissed for improper venue); *Chikhladze v. United States Dep't of State, et al.*, cv-25-21-H-KLD (D. Mont.) (dismissal recommended for improper venue); *Chickhladze v. Gov't of the Kingdom of Denmark, et al.*, 25-cv-00056-JJM-PAS (D.R.I.) (dismissed for improper venue).