IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SIMON CHIKHLADZE,

    Plaintiff,

    v.

GOVERNMENT OF THE KINGDOM
OF DENMARK, et al.,

    Defendants.

Case No. 2:25-cv-02185-HLT-TJJ

## ORDER

Plaintiff Simon Chikhladze[1] filed this action against the Government of the Kingdom of Denmark, "Georgian Authorities," Tea Tsulukiana (the former Minister of Justice of Georgia), and "Individuals Engaged in Human Rights Violations." Plaintiff claims that Defendants violated United States criminal laws and immigration laws and engaged in torture and human rights violations. Plaintiff sought leave to proceed in forma pauperis ("IFP").

Judge James reviewed Plaintiff's amended complaint and motion. She granted Plaintiff's request to proceed IFP and recommended dismissal of the case in a Report and Recommendation ("R&R"). Doc. 13. Plaintiff objected. Doc. 14.

Judge James recommended dismissal based on improper venue. Plaintiff objects that he invokes venue under 28 U.S.C. § 1391(c)(3), not § 1391(b). He alternatively asks the Court to transfer the case under 28 U.S.C. § 1406(a) should the Court find that venue is improper in the District of Kansas. The Court adopts Judge James's R&R, dismisses the case because this is an

---

[1] Plaintiff proceeds pro se and in forma pauperis. The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id*.

improper venue, and declines to transfer the case because it suffers from a host of other issues. The Court further certifies any appeal of this decision as frivolous.

**Standard of Review.** Courts may screen the complaint of a plaintiff who proceeds in forma pauperis. A court may then dismiss the complaint if it determines that the action fails to state a claim on which relief may be granted.[2] A magistrate judge who completes the initial review must issue a R&R for a decision by the district judge because this is a dispositive matter. The district judge reviews de novo those portions of the magistrate judge's R&R to which written objections have been made. Fed. R. Civ. P. 72(b)(3). If no specific objections are timely made, the district judge may review the R&R under any standard she finds appropriate. *Price v. Kansas*, 2016 WL 4500910, at *1 (D. Kan. 2016) (citing *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**Venue.** The undersigned has reviewed the amended complaint, the R&R, and Plaintiff's objections de novo. Plaintiff objects to Judge James's recommendation and argues that venue is appropriate under § 1391(c)(3), which provides that a defendant who is not a resident in the United States may be sued in any judicial district.

A court may dismiss a complaint sua sponte under 28 U.S.C. § 1915 for improper venue or lack of personal jurisdiction "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks and citation omitted).

The Court adopts Judge James's R&R. Judge James identified the correct general law governing venue (28 U.S.C. § 1391). She observed that Plaintiff does not allege any facts showing

---

[2]   There are also other grounds for dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

2

that any defendant has a connection to Kansas. Neither do any of the events, persons, or entities involved. Plaintiff himself does not even have an apparent connection to Kansas. The complete lack of connection to Kansas makes venue improper under § 1391(b).

Plaintiff argues that venue is instead proper under § 1391(c)(3). This subsection provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants." This subsection may apply to Tsulukiana and unnamed "Georgian Authorities" and "Individuals Engaged in Human Rights Violations." But the Government of the Kingdom of Denmark is a foreign state, which falls under § 1391(f). This subsection also requires a connection to the judicial district in the United States, which is not alleged here, unless the action is brought in the United States District Court for the District of Columbia. The only federal court in which Plaintiff potentially could have brought this suit against the Government of the Kingdom of Denmark is the United States District Court for the District of Columbia.[3] 28 U.S.C. § 1391(f)(4). There are simply no allegations that connect his case to <u>any</u> judicial district in the United States. Section 1391(c)(3) says that the Court must disregard the joinder of another defendant not resident of the United States in determining proper venue. Venue thus is not proper here, and Plaintiff has not made any allegations suggesting that he could plead facts making venue <u>ever</u> appropriate in the District of Kansas.[4]

---

[3]  Indeed, Plaintiff did file a similar case in the District Court for the District of Columbia, *Chikhladze v. Government of the Kingdom of Denmark, et al.*, 1:2024cv02784 (D.D.C.). He voluntarily dismissed that case on February 11, 2025.

[4]  But even if venue is proper, Plaintiff has not shown any basis for personal jurisdiction over any defendant. Plaintiff alleges that Denmark denied his asylum application. He alleges that Germany extradited him to Denmark, and Denmark deported him to the country of Georgia. Plaintiff alleges that Tsulukiani coordinated the denial of his asylum request to ensure Plaintiff's removal and suppress evidence of wrongdoing. He alleges that in Georgia, he suffered persecution, homelessness, and inhumane treatment. What Plaintiff does <u>not</u> allege are any contacts at all, let alone the minimum contacts required for personal jurisdiction. There are no allegations that any defendant purposefully directed its activities at Kansas or had any contact at all with the state.

**Transfer.** A court may transfer a case from a district where personal jurisdiction is lacking or venue is improper to one where it could have been brought. 28 U.S.C. §§ 1631 (personal jurisdiction), 1406(a) (venue); *Trujillo*, 465 F.3d at 1222-23; *United States v. Botefuhr*, 309 F.3d 1263, 1274 n.8 (10th Cir. 2002). Deciding whether transfer is appropriate under these statutes turns on a similar set of criteria, including whether it is in the "interest of justice," which looks to the potential timeliness of the claims if filed anew, the good-faith basis for the claims, and the likely merit of the claims. *Young v. State Gov't of Okla.*, 98 F. App'x 760, 763-64 (10th Cir. 2004). Judicial economy is also a consideration. *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 109 (10th Cir. 2012).

Application of the factors here show that a transfer is not in the interest of justice. First, the timeliness of Plaintiff's claims may be an issue regardless of whether the case is dismissed or transferred. Plaintiff alleges dates of events beginning in 2018 and 2019. This factor is neutral (or weighs against transfer). Second, there is at least a suggestion that Plaintiff filed this case in bad faith. Plaintiff has filed several similar lawsuits that have been dismissed for improper venue. *See, e.g.*, *Chikhladze v. Gov't of the Kingdom of Denmark, et al.*, 25-cv-01094-MWF (C.D. Cal.) (dismissed for improper venue); *Chikhladze v. United States Dep't of State, et al.*, cv-25-21-H-KLD (D. Mont.) (dismissal recommended for improper venue); *Chickhladze v. Gov't of the Kingdom of Denmark, et al.*, 25-cv-00056-JJM-PAS (D.R.I.) (dismissed for improper venue). Yet he continues to file cases in federal courts with no apparent connection to his claims. This factor weighs against transfer.

Third, the Court has serious questions about the merits of Plaintiff's claims. Some claims are based on criminal statutes which do not provide a private right of action. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) ("[D]ismissal of Mr. Andrews's claims in his second and

third complaints alleging violations of 18 U.S.C. §§ 241, 371, 1001, 1341, and 1503, and 26 U.S.C. § 7214(a)(1), (2), (7), and (8), was proper because these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action."). Plaintiff also cites statutes that appear to have no connection to his allegations. *See* 8 U.S.C. § 1231 (relating to removal from the United States); 49 U.S.C. § 40103 (relating to the airspace of the United States). These statutes require a connection to the United States, but the amended complaint is completely devoid of any allegations relating to any actions in the United States. And then there are questions about immunity that the Court does not reach here. *See, e.g.*, *Chikhladze v. Gov't of the Kingdom of Denmark*, 2025 WL 1151666, at *2 (S.D. Mich. 2025). Plaintiff's conclusory allegations against unspecified defendants also give the Court pause. The third factor weighs against transfer.

Finally, judicial economy weighs against transfer. As noted above, this is not Plaintiff's first case. He previously filed and voluntarily dismissed another case in the District of Kansas. Case No. 25-cv-01038-HLT-TJJ. He appears to have initiated at least <u>fifteen</u> other similar lawsuits in other federal courts in the <u>past eight months</u>. At least one other court characterized Plaintiff's cases as duplicative and frivolous. *Chikhladze v. Fed. Bureau of Investigations*, 2025 WL 732302, at *1 (D. Maine 2025). All but this case and one filed in March in the Middle District of Florida have been dismissed.[5] Transfer is not in the interest of justice here. The Court therefore dismisses Plaintiff's case. And given Plaintiff's flurry of activity in federal courts over the past eight months, the Court warns Plaintiff that further groundless filings may result in filing restrictions that limit his ability to file new cases in the District of Kansas.

---

[5] Plaintiff voluntarily dismissed his prior case in the District of Kansas <u>with prejudice</u>, as he has done with other cases. At a high level, the cases seem to be largely against the same defendants, based on the same or similar facts, for the same or similar claims. This calls into question whether Plaintiff may be barred from pursuing this case (or others).

Plaintiff proceeds IFP. But the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal of this order would not be in good faith. The Court therefore denies IFP status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

THE COURT THEREFORE ORDERS that the Report & Recommendation (Doc. 13) is ADOPTED. The Court dismisses Plaintiff's case. The case is closed.

IT IS SO ORDERED.

Dated: May 2, 2025                              /s/ *Holly L. Teeter*
                                                      HOLLY L. TEETER
                                                      UNITED STATES DISTRICT JUDGE